BREEN v. THOLE.

1. MOTOR VEHICLES — NEGLIGENCE — CONTRIBUTORY NEGLIGENCE — QUESTIONS FOR JURY.

Where, in action for death of plaintiff's decedent caused by injuries inflicted by defendant's motor truck, the testimony as to how the accident happened was much in conflict, defendant's alleged negligence and decedent's contributory negligence were questions of fact for the jury.

2. SAME — WEIGHT OF EVIDENCE.

Where there was positive proof tending to establish defendant's claim as to the manner in which accident occurred, verdict in his favor cannot be said, as matter of law, to be contrary to weight of evidence, although testimony was contradictory.

3. NEW TRIAL — NEWLY-DISCOVERED EVIDENCE — ADMISSIONS.

There was no error in denying plaintiff's motion for new trial on ground of newly-discovered evidence consisting of certain admissions assumed to have been made by defendant, where witness claiming to have heard said admissions could not satisfactorily identify defendant as person who made them, witness later made sworn statement largely destroying probative value of his testimony, and no other proof of identity was proffered.

Error to Kalamazoo; Weimer (George V.), J. Submitted January 7, 1930. (Docket No. 13, Calendar No. 34,348.) Decided March 6, 1930.

Case by Fred M. Breen, administrator of the estate of Roy Van Sicklen, deceased, against Joseph Thole for personal injuries resulting in the death of plaintiff's decedent. From a verdict and judgment for defendant, plaintiff brings error. Affirmed.

*Birt E. Hulburt* and *Jackson, Fitzgerald & Dalm,* for plaintiff.

*Stearns & Kleinstuck,* for defendant

NORTH, J. Plaintiff herein claims that his decedent, Roy Van Sicklen, had been driving his automobile westerly on a trunk-line highway in Washtenaw county; that because of machine trouble the deceased parked his car on the southerly or left-hand side at right angles to and just off the pavement. While he and the witness Putzig were standing somewhat south of the center line of the pavement, the defendant, who was driving a poorly-lighted Reo truck in a westerly direction at a rate of 30 miles or more per hour, ran into Van Sicklen and fatally injured him. The accident happened in the early morning hours before daylight. Upon trial by jury, a verdict was returned in favor of the defendant. The plaintiff is reviewing by writ of error, and asks for a reversal and new trial for the following reasons: (1) The verdict was contrary to the weight of evidence; (2) the court erred in denying a motion for a new trial based upon newly-discovered evidence; and (3) the court erred in refusing to charge the jury as requested by the plaintiff.

The defendant's testimony of the circumstances surrounding this accident is very different from that of the plaintiff above stated. Defendant offered proof that he was on his right-hand side of the pavement traveling in a westerly direction, and that Putzig's Chevrolet car headed east was parked on the

southerly portion of the pavement close to decedent's automobile; and that as defendant approached the point of accident both Van Sicklen and Putzig suddenly stepped from behind the Chevrolet onto the northerly portion of the pavement and Van Sicklen was struck by defendant's truck. Defendant's testimony is that decedent walked into the side of the truck's cab as it was passing.

Both defendant's alleged negligence and decedent's contributory negligence were questions of fact for the jury. The testimony was much in conflict. There was positive proof tending to establish defendant's claim as to the manner in which the accident occurred. It cannot be said as a matter of law that the verdict of the jury was contrary to the weight of the evidence.

The circuit judge held that the alleged newly-discovered evidence was inadmissible. It consisted of certain admissions assumed to have been made by the defendant; but the witness who heard these admissions or declarations could not satisfactorily identify the defendant as being the person who made them, and no other proof of such identify was proffered. It also appears from the record that the witness who claimed to have heard these admissions made a later sworn statement which very largely destroyed any probative value that his testimony might otherwise have possessed. There was no error in denying plaintiff's motion for a new trial.

Plaintiff's request to charge, the refusal to give which is assigned as error, was not a correct statement of law, and was properly denied.

The judgment of the lower court is affirmed, with costs to the appellee.

WIEST, C. J., and BUTZEL, CLARK, POTTER, SHARPE, and FEAD, JJ., concurred. McDONALD, J., did not sit.